# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Roy Keith Lucas, ) | Cr. No. 3:05-0760-MBS |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| United States of America, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

Roy Keith Lucas ("Movant"), a pro se prisoner, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant is presently in custody of the Federal Bureau of Prisons, pursuant to commitment order from the United States District Court for the District of South Carolina.

Movant filed the within § 2255 motion on March 21, 2008. The United States of America ("Respondent") filed a motion for summary judgment on July 7, 2008. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on July 8, 2008, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. On January 31, 2008, Movant filed a motion for extension of time to respond to Respondent's motion for summary judgment, which was granted on March 10, 2008. On September 8, 2008, Movant filed a response in opposition to the motion for summary judgment. Movant also filed a motion for summary judgment on September 8, 2008. Respondent has not responded to Movant's summary judgment motion.

1

I. FACTS

Movant was one of twelve defendants named in a fifty-two count Superseding Indictment ("Indictment") filed on September 21, 2005. On March 17, 2006, Respondent filed an Information pursuant 21 U.S.C. § 851 notifying Movant that he was subject to an enhanced minimum penalty because he had a prior felony drug conviction in state court for possession of cocaine. (Entry 255). On May 23, 2006, Movant pleaded guilty to Count 1 (conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ) and Count 37 (carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)). The plea agreement contained the following provisions:

> Defendant stipulates and agrees that he has one prior felony drug conviction that has become final, and that the Attorneys for the Government have filed an Information pursuant to 21 U.S.C. § 851 which subjects Defendant to a mandatory minimum term of imprisonment of 20 years on Count 1. Defendant further stipulates and agrees that this paragraph and the Information that has been filed pursuant thereto fulfills the requirements of § 851, including service, and constitutes adequate and sufficient notice of a prior felony drug conviction for purposes of that statute. Defendant agrees to not contest the Information that has been filed pursuant to 21 U.S.C. § 851 in accordance with this paragraph.

> Provided that Defendant cooperates pursuant to the provisions of this Plea Agreement, and that his cooperation is deemed by the Attorneys for the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to withdraw their information filed pursuant to 21 U.S.C. § 851. This is specifically in lieu of an agreement to file a motion pursuant to §5K1.1 of the United States Sentencing Guidelines, and Title 18, United States Code, Section 3553(e), and/or move the Court for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

(Plea Agreement, at para. 10-11)

The Pre-Sentence Investigation Report ("PSR") was filed on November 30, 2006. In assessing Movant's sentencing range, the PSR included an § 851 enhancement for Movant's prior

2

state conviction. The PSR also included the assessment of two points to Movant's criminal history category pursuant to U.S.S.G. § 4A1.1(d) for being on state probation during the course of the conspiracy that is the subject of Count One.

Movant received a custody sentence of 300 months on November 29, 2006, consisting of a mandatory minimum sentence of 240 months for Count One[1] and 60 months consecutive for Count Thirty-seven.[2] Movant's conviction and sentence were affirmed by the Court of Appeals for the Fourth Circuit on December 6, 2007. *See United States v. Lucas*, 257 F. App'x 638 (4th Cir. 2007).

## II. SUMMARY JUDGMENT STANDARD

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[1] 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

[2] 18 U.S.C. § 924(c)

law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.* Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Cmty. College*, 955 F.2d 924, 928 (4th Cir. 1992).

## III. DISCUSSION

Movant contends that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. There is a strong presumption that defense counsel's conduct is within the wide range of reasonable professional assistance, and the court is required to grant broad deference to scrutinizing an attorney's performance. *Id.* at 688-89.

Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. *Strickland* requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *See id.* at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."

4

*Id.* Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. *Id.* at 694. Moreover, when challenging a guilty plea premised on ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient and that, but for counsel's errors, the defendant would not have pleaded guilty, and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, (1985).

A.  The § 851 Enhancement

Movant first contends that trial counsel was ineffective for failing to challenge the application of a sentencing enhancement information pursuant to 21 U.S.C. § 851, filed on March 17, 2006.

  1.  Possession of Cocaine Under Federal Law

Movant asserts that counsel was ineffective for failing to argue that possession of cocaine is a misdemeanor under 21 U.S.C. § 844(a), and thus does not qualify as a "felony drug offense" for purposes of enhancing a sentence pursuant to 21 U.S.C. § 851. To support this position, Movant cites *Lopez v. Gonzales*, 549 U.S. 47 (2006). Movant argues that *Lopez* stands for the proposition that mere possession is not a felony under the federal Controlled Substance Act (the "CSA"), and unless a state offense is punishable as a federal felony that state offense does not count as a felony for purposes of the CSA. The court disagrees.

The United States Supreme Court has held that 21 U.S.C. § 802(44) defines the term 'felony drug offense' for purposes of the Controlled Substance Act as "an offense involving specified drugs that is "punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country." *Burgess v. United States*, 128 S. Ct. 1572, 1575 (2008). In South Carolina, possession of cocaine is punishable by a maximum term of two years imprisonment. *See*

5

S. C. Code Ann. § 44-53-370(d)(1). The two year maximum term of imprisonment places this offense within the definition of a felony drug offense in 21 U.S.C. § 802(44). Therefore, the court finds that possession of cocaine is a felony drug offense within the meaning of § 851.[3]

    2.      Use of Uncounseled State Conviction

Movant contends that counsel was ineffective for failing to investigate and object to the PSR regarding the use of an uncounseled state conviction to serve as the basis for a sentencing enhancement pursuant to 21 U.S.C. § 851. The court agrees.

A federal prisoner generally may not use a § 2255 motion to attack the constitutionality of a prior state conviction used to enhance a current federal sentence. *See Daniels v. United States*, 532 U.S. 374, 376 (2001). The two exceptions recognized by *Daniels* allow state court convictions to be challenged when: (1) the prior conviction was procured in violation of right to counsel; (2) the "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Id.* at 383.

Movant alleges that he attempted to raise the violation of the right to counsel issue at sentencing, but was convinced not to do so by his lawyer. Moreover, there is no evidence in the

---

[3] Movant also argues that his counsel was ineffective for failing to object to the use of his prior state conviction to enhance his sentence because a suspended sentence does not constitute a term of imprisonment within the meaning of the CSA. However, for purposes of an 21 U.S.C. § 851, the term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs . . . ." *See* 21 U.S.C. § 802(44). Movant's conviction properly was counted because it was an offense punishable by more than one year of imprisonment, regardless of whether such a term of imprisonment was actually imposed. *See United States v. Harp*, 406 F.3d 242, 256 (4th Cir. 2005) (noting that a court must consider the maximum sentence that could be imposed for that crime, and not was actually was imposed) (citing *United States v. Jones*, 195 F.3d 205 (4th Cir. 1999)).

6

record indicating that Movant waived his right to counsel at the state court proceeding. Therefore, the court finds that a genuine issue of material fact exists as to whether trial counsel was ineffective for failing to argue that Movant did not waive his right to counsel at the state court proceeding. The court will hold an evidentiary hearing in accordance with Rule 8 of the Rules Governing § 2255 Proceedings with respect to this issue.

B.      Guilty Plea as to Count Thirty-Seven

Movant further contends his counsel was ineffective in advising him to plead guilty to Count Thirty-seven. Movant further contends that he did not violate 18 U.S.C. § 924(c)(1). Movant alleges that his counsel was ineffective for not challenging his guilty plea on appeal because the gun that was the subject of Count Thirty-seven was under a bed, that he was not the owner of the gun, and that the gun owner's testimony would have established that Movant was not aware the gun was under the bed. (Entry 586-2, at 11). For these reasons, Movant contends that Respondent would not have been able to prove the nexus between the drugs and the firearm necessary for a conviction under § 924(c)(1). Movant also contends that he was not advised by his lawyer, the court, or Respondent of the elements of a § 924(c)(1) violation. Finally, Movant contends that if he would have been aware of the elements of the offense, he would have insisted on a trial on Count Thirty-seven. Movant contends, therefore, that trial counsel was ineffective and that he was prejudiced by his counsel's failure to inform him of the elements of the offense. The court disagrees.

The record in this case reflects that Movant's version of the facts are inaccurate in two material respects. First, the record reflects that the court did in-fact inform Movant of the elements of the offense for § 924(c). (Guilty Plea Transcript, at 44-45). Second, the transcript reflects that the rifle was actually located in the corner of Movant's bedroom, "in full access if anybody entered

7

the house . . . ." (Guilty Plea Transcript, at 56). The transcript further reflects that Movant agreed that Respondent's account of the facts was accurate. (Guilty Plea Transcript, at 56). Therefore, the court finds that Movant cannot demonstrate prejudice due to counsel's alleged errors.

C. <u>Assessment of Criminal History Category Points</u>

Movant finally contends that his counsel was ineffective for failing to object to the addition of two points to his Criminal History Category in his Presentence Report (PSR) for being involved in the conspiracy that is the subject of Count One while he was on state probation. Movant contends that he was prejudiced by counsel's failure to object to the addition of Criminal History Points because he was not involved in the Count One conspiracy until after his state probation was completed. Movant contends that this two point addition increased his Criminal History Category from II to III, and consequently his guideline range increased from 135-168 months to 155-188 months. Movant further contends that trial counsel was ineffective because under U.S.S.G. § 4A1.2(b)(2) he should not have been assessed one point for the his felony drug offense because the two year sentence was suspended to a $200.00 fine and one year's probation. Respondent concedes that Movant's Criminal History Category should have been a II rather than a III. (Entry 597, at 9).

In this case, regardless of the Criminal History Category, Movant received a statutory minimum sentence of 240 months for Count One because of the § 851 enhancement. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). At this juncture, it would appear that Movant was not prejudiced by trial counsel's failure to object to the calculations of the Criminal History Category.

Depending on the disposition of Movant's claim regarding the prior felony offense and viability of the § 851 enhancement, a change in the applicable Criminal History Category could affect Movant's sentence. Accordingly, the court will hold this issue in abeyance pending the outcome of the evidentiary hearing.

## IV. CONCLUSION

Respondent's motion for summary judgment is GRANTED except as to the issue regarding Movant's uncounseled guilty plea to the prior felony drug offense. The court holds in abeyance Movant's claims regarding the calculation of his Criminal History Category pending a determination regarding the viability of Movant's prior felony drug offense. Counsel shall be appointed under 18 U.S.C. § 3006A, as provided by Rule 8. Respondent is hereby ordered to produce the trial transcript from the state trial at which Movant was convicted of possession of cocaine. A notice of hearing will be issued from the Office of the Clerk of Court.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

August 17, 2009

Columbia, South Carolina