IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roy Keith Lucas, | ) | Cr. No. 3:05-0760-MBS |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Roy Keith Lucas ("Movant"), a pro se prisoner, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant is currently in custody of the Federal Bureau of Prisons pursuant to a commitment order from the United States District Court for the District of South Carolina.

Movant filed the within § 2255 motion on March 21, 2008. Movant asserted ineffective assistance of counsel as grounds for relief. On July 7, 2008, the United States of America ("Respondent") filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on July 8, 2008, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. On January 31, 2008, Movant filed a motion for extension of time to respond to Respondent's motion for summary judgment, which was granted on March 10, 2008. On September 8, 2008, Movant filed a response in opposition to the motion for summary judgment. That same day, Movant also filed a motion for summary judgment. Respondent has not responded to Movant's summary judgment motion.

1

On August 18, 2009, the court granted Respondent's motion for summary judgment except as to the issue of whether Movant's counsel was ineffective for failing to investigate and object to the use of an uncounseled state conviction in the pre-sentence report ("PSR") as the basis for a sentencing enhancement pursuant to 21 U.S.C. § 851. The court found that there was a genuine issue of material fact as to whether counsel's actions constituted ineffective assistance of counsel and ordered Respondent to produce a transcript from the underlying state proceedings. In addition, the court held Movant's claims regarding the calculation of his Criminal History Category in abeyance pending a determination regarding whether counsel was ineffective and the enhancement proper. On August 30, 2009, the court was notified by Respondent that there is no transcript from the state proceeding. On January 4, 2010, the court held an evidentiary hearing to address Movant's claims regarding his uncounseled state conviction.

## I. FACTS

Movant was one of twelve defendants named in a fifty-two count Superseding Indictment ("Indictment") filed on September 21, 2005. On March 17, 2006, Respondent filed an Information pursuant 21 U.S.C. § 851 notifying Movant that he was subject to an enhanced minimum penalty because he had a prior felony drug conviction in state court for possession of cocaine. On May 23, 2006, Movant pleaded guilty to Count 1 (conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ) and Count 37 (carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)). The plea agreement contained the following provision:

> Defendant stipulates and agrees that he has one prior felony drug conviction that has become final, and that the Attorneys for the Government have filed an Information pursuant to 21 U.S.C. § 851 which subjects Defendant to a mandatory minimum term of imprisonment of

20 years on Count 1. Defendant further stipulates and agrees that this paragraph and the Information that has been filed pursuant thereto fulfills the requirements of § 851, including service, and constitutes adequate and sufficient notice of a prior felony drug conviction for purposes of that statute. Defendant agrees to not contest the Information that has been filed pursuant to 21 U.S.C. § 851 in accordance with this paragraph.

(Plea Agreement, ¶ 10).

The PSR was filed on November 30, 2006. The PSR included an § 851 enhancement for Movant's prior state conviction. The PSR also included the assessment of two points to Movant's criminal history category pursuant to U.S.S.G. § 4A1.1(d) for being on state probation during the course of the conspiracy that is the subject of Count 1.

Movant received a sentence of 300 months incarceration on November 29, 2006, consisting of a mandatory minimum sentence of 240 months for Count 1[1] and 60 months consecutive for Count 37.[2] Judgment was entered on December 6, 2006. Movant's conviction and sentence were affirmed by the Court of Appeals for the Fourth Circuit on December 6, 2007. *See United States v. Lucas*, 257 F. App'x 638 (4th Cir. 2007).

## II. DISCUSSION

Movant contends that he received ineffective assistance of counsel. To prove ineffective assistance of counsel, Movant must show that counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. There is a strong presumption that counsel's conduct is within the wide range of reasonable professional assistance, and the court is required to grant broad deference to scrutinizing an attorney's performance. *Id.* at 688-89.

---

[1] 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

[2] 18 U.S.C. § 924(c)

3

Movant also must demonstrate that he was prejudiced by counsel's alleged deficient performance, in that because of counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. Thus, even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. *Id.* at 694. Moreover, when challenging a guilty plea premised on ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient and that, but for counsel's errors, the defendant would not have pleaded guilty, and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, (1985).

A.  The § 851 Enhancement

Movant argues that counsel was ineffective for failing to investigate and object to the use of an uncounseled state conviction as the basis for a § 851 enhancement in the PSR.

A federal prisoner generally may not use a § 2255 motion to attack the constitutionality of a prior state conviction used to enhance a current federal sentence. *See Daniels v. United States*, 532 U.S. 374, 376 (2001). However, there is an exception to this rule when "the prior conviction was procured in violation of the right to counsel." *Id.* at 383.

In such a case, "the defendant bears an especially difficult burden of proving that the conviction was invalid" and entered in violation of his right to counsel. *See United States v. Jones*, 977 F.2d 105, 108-11 (4th Cir. 1992). This is because there is a presumption of regularity attached to final judgments and judicial proceedings. *Parker v. Raley*, 506 U.S. 20, 28-34 (1992); *United States v. Collins*, 415 F.3d 304, 315-16 (4th Cir. 1992).

A criminal defendant has a constitutional "right to proceed without counsel when he voluntarily and intelligently elects to do so." *Faretta v. California*, 422 U.S. 806, 807 (1975). In

4

determining whether a waiver of counsel is sufficient, courts should look at the record as a whole. *United States v. Gallop*, 838 F.2d 105, 110 (4th Cir. 1988).

Unfortunately, as was noted above, there is no transcript of the state court proceeding. In addition, the Honorable Marc Westbrook, the presiding judge in that proceeding, was killed in a car accident in 2005. As such, the court must rely on other evidence to determine whether Movant knowingly and voluntarily waived his right to counsel prior to pleading guilty in his state court proceeding. At the outset, the court notes that Movant received a negotiated sentence of probation in the state court proceeding. At the evidentiary hearing, Movant testified that he was never told about his right to counsel prior to his guilty plea. Movant also testified, however, that he did not think he needed counsel. David Graham ("Graham"), the prosecuting attorney in the state court proceeding, also testified at the evidentiary hearing. Graham testified that he would have personally discussed with Movant his right to an attorney as this was his practice. Graham further testified that it was Judge Westbrook's habit to obtain a proper waiver of the right to counsel before taking a guilty plea from a *pro se* defendant. Graham also testified that even if Movant had had a lawyer in the state proceeding, he would not have been able to negotiate a better deal than the probationary sentence he received.

The government also produced evidence from two of Judge Westbrook's former law clerks. The affidavit of Alan M. Wilson ("Wilson") indicates that "it was Judge Westbrook's habit and routine practice to advise [] *pro se* defendants of their right to counsel, including the right to appointed counsel if they could not afford an attorney, as well as to make a finding that their waiver of counsel was voluntarily and intelligently made prior to accepting a guilty plea." Wilson Aff. ¶ 5. In Wilson's opinion, Judge Westbrook "would never have accepted a guilty plea without first having

5

found on the record that the decision to plead guilty was freely, voluntarily and intelligently made." *Id.* The deposition of Judge Brian W. Jeffcoat, another former clerk of Judge Westbrook, indicated that Judge Jeffcoat never saw Judge Westbrook accept a guilty plea without first making a finding on the record that the guilty plea was freely and voluntarily made. Jeffcoat Dep. at 7. Judge Jeffcoat further stated that Judge Westbrook took his time with *pro se* defendants to make sure they understood what was going on and did not wish to have an attorney. *Id.* at 9.

Movant produced the affidavit of Coconut Pantsari, who was the court reporter for Judge Westbrook the day Movant was sentenced. Pantsari Aff. ¶ 2. Ms. Pantsari had no memory of Movant's guilty plea, but indicated that Judge Westbrook took pleas rather rapidly and that any warnings regarding the dangers of proceeding without an attorney given to Movant "would have been perfunctory." Pantsari Aff. ¶ 5.

Based upon the foregoing evidence and looking at the record as a whole, the court finds that Defendant knowingly and voluntarily waived his right to counsel in the underlying state court proceeding. The court does not find credible Movant's testimony that he was not told of his right to counsel. This is in part because Movant admitted that he did not feel he needed an attorney in the underlying state court proceeding. In addition, the court finds the evidence presented that Judge Westbrook always obtained a proper waiver of counsel before taking a guilty plea from a *pro se* defendant to be credible and persuasive. Thus, Movant has not met his heavy burden of proving that his conviction was invalid and not a proper basis for sentence enhancement.

Because Movant waived his right to counsel in the underlying proceeding, the court finds that any error in counsel's failure to investigate this uncounseled plea would not have prevented the

6

application of a § 851 enhancement. Movant's ineffective assistance of counsel claim fails because Movant was not prejudiced by counsel's actions.

B.  Assessment of Criminal History Category Points

Movant contends that his counsel was ineffective for failing to object to the addition of two points to his Criminal History Category for being involved in the conspiracy that is the subject of Count 1 while he was on state probation. Respondent has conceded that Movant's Criminal History Category should have been a II rather than a III. (Entry 597, at 9). This means that Movant's guidelines range was 135-168 months instead of 155-188 months.

However, because Movant's § 851 enhancement necessitated a statutory minimum sentence of 240 months for Count 1, Movant's incorrectly calculated Criminal History category did not result in prejudice because it did not affect the sentence imposed. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Movant's claim for ineffective assistance of counsel fails.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue under 28 U.S.C. § 2253(c)(1)(A) only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at § 2253(c)(2). A habeas petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). When a district court rejects "a habeas petitioner's constitutional claims on the merits, the petitioner, to obtain a certificate of

appealability [], must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Defendant had the burden of proving that his conviction was invalid. However, the only evidence that Defendant presented to the court was his own self-serving testimony, which the court did not find to be credible. The court finds that reasonable jurists could not debate whether Movant's petition should have been granted. Therefore, the court denies Movant a certificate of appealability.

## IV. CONCLUSION

Based upon the foregoing, the court **denies** Movant's petition to set aside or correct his sentence. The court **denies** Movant a certificate of appealability.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour<br>
The Honorable Margaret B. Seymour<br>
United States District Judge

January 26, 2010
Columbia, South Carolina