**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Roy Keith Lucas, | ) | Cr. No. 3:05-0760-MBS |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Roy Keith Lucas ("Movant"), a pro se prisoner, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant is currently in custody of the Federal Bureau of Prisons pursuant to a commitment order from the United States District Court for the District of South Carolina.

Movant filed his § 2255 motion on March 21, 2008. Movant asserted ineffective assistance of counsel as grounds for relief. On July 7, 2008, the United States of America ("Respondent") filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on July 8, 2008, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. On September 8, 2008, Movant filed a response in opposition to the motion for summary judgment. That same day, Movant also filed a motion for summary judgment.

On August 18, 2009, the court granted Respondent's motion for summary judgment except as to the issue of whether Movant's counsel was ineffective for failing to investigate and object to the use of an uncounseled state conviction in the pre-sentence report ("PSR") as the basis for a

1

sentencing enhancement pursuant to 21 U.S.C. § 851. In addition, the court held Movant's claims regarding the calculation of his Criminal History Category in abeyance pending a determination regarding whether counsel was ineffective and the enhancement proper. On August 30, 2009, the court was notified by Respondent that there is no transcript from the state proceeding. On January 4, 2010, the court held an evidentiary hearing to address Movant's claims regarding his uncounseled state conviction. On January 26, 2010, the court issued an order denying Movant's petition to set aside or correct his sentence finding that Petitioner was not prejudiced by counsel's actions with regard to the sentencing enhancement or the calculation of Movant's Criminal History Category. This matter is before the court on Movant's motion to reopen his § 2255 proceedings under Fed. R. Civ. P. 60(b) and motion for evidentiary hearing transcripts, which motions were filed on January 13, 2011.

## I. FACTS

Movant was one of twelve defendants named in a fifty-two count Superseding Indictment ("Indictment") filed on September 21, 2005. On March 17, 2006, Respondent filed an Information pursuant 21 U.S.C. § 851 notifying Movant that he was subject to an enhanced minimum penalty because he had a prior felony drug conviction in state court for possession of cocaine. On May 23, 2006, Movant pleaded guilty to Count 1 (conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ) and Count 37 (carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)). The plea agreement contained the following provisions:

> 10.    Defendant stipulates and agrees that he has one prior felony drug conviction that has become final, and that the Attorneys for the Government have filed an Information pursuant to 21 U.S.C. § 851 which subjects Defendant to a mandatory

2

minimum term of imprisonment of 20 years on Count 1. Defendant further stipulates and agrees that this paragraph and the Information that has been filed pursuant thereto fulfills the requirements of § 851, including service, and constitutes adequate and sufficient notice of a prior felony drug conviction for purposes of that statute. Defendant agrees to not contest the Information that has been filed pursuant to 21 U.S.C. § 851 in accordance with this paragraph.

11.    Provided that Defendant cooperates pursuant to the provisions of this Plea Agreement, and that his cooperation is deemed by the Attorneys for the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to withdraw their information filed pursuant to 21 U.S.C. § 851. This is specifically in lieu of an agreement to file a motion pursuant to 5K1.1 of the United States Sentencing Guidelines, and Title 18, United States Code, Section 3553(e), and/or move the Court for reduction of sentence pursuant to Rule 356(b) of the Federal Rules of Criminal Procedure.

(Plea Agreement, ¶¶ 10 and 11).

At the plea colloquy, the plea agreement between Movant and Respondent was summarized. Plea Colloquy 46:9-49:19. Respondent specifically addressed the provisions of paragraph 11 of the plea agreement. *Id.* 49:20-21. Respondent stated:

In return for [Movant]'s cooperation, and if that cooperation is deemed as providing substantial assistance, the government agrees to withdraw the information -- enhancement information subjecting [Movant] to a 2-year minimum, and that would put him -- if that enhancement were withdrawn, that would put him at a 10-year minimum under count 1, but only if he provides substantial assistance.

*Id.* 49:22-50:4. Movant affirmed on the record that he agreed with the summary of the plea agreement. *Id.* 49:17-19. Movant also affirmed on the record that the plea agreement represented the entire agreement between Movant and Respondent. *Id.* 51:4-6.

On November 29, 2006, Movant's sentencing hearing was held. At the beginning of the sentencing hearing, Respondent advised the court that it would not withdraw the § 851 enhancement stating:

> I would note before we proceed further, Your Honor, . . . [Movant] was in the position, if he had provided substantial assistance up to this point, the Government would have made a motion at this hearing to withdraw his sentencing enhancement that has been filed.  He has not provided substantial assistance up to this point, and so the Government is not making that motion today.

Sentencing Tr. at 2:7-13.  Movant objected to Respondent's decision not to withdraw the enhancement and the court heard argument from both Movant and Respondent.  Sentencing Tr. at 5:15-16. Respondent acknowledged that Movant had provided information to Respondent, but stated that it was not deemed to provide substantial assistance because it was of "minimal value" and had not been "useful for the investigation or prosecution of anyone" up to the time of sentencing.  *Id.* at 6:13-14, 6:22-24, 7:12-14.  The court sentenced Movant to 300 months incarceration, consisting of a mandatory minimum sentence of 240 months for Count 1[1] and 60 months consecutive for Count 37.[2]  Movant's sentence included the § 851 enhancement.  Judgment was entered on December 6, 2006.  Movant's conviction and sentence were affirmed by the Court of Appeals for the Fourth Circuit on December 6, 2007.  *See United States v. Lucas*, 257 F. App'x 638 (4th Cir. 2007).

## II.  DISCUSSION

Federal Rule of Civil Procedure 60(b) allows the court to reconsider its order for "mistake, inadvertance, surprise, excusable neglect" or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (6).  The Supreme Court has held that Rule 60(b)(6) "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'"  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988) (quoting *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949)).

---

[1] 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

[2] 18 U.S.C. § 924(c).

A.     Ineffective Assistance of Counsel

Movant contends that the court failed to address one of the arguments for relief asserted in Movant's § 2255 petition.   Specifically, Movant contends that the court "did not address his ineffective assistance of counsel claim, in regard to the breaching of the plea agreement by the government." Entry 753 at 2; *see* Entry 586-1 at 5-6. In its prior orders, the court did not specifically make a finding as to whether counsel's failure to object to the government's decision not to withdraw the § 851 enhancement, as *quid pro quo* for Movant's guilty plea, constituted ineffective assistance of counsel.  However, the court addressed Movant's arguments with regard to the § 851 enhancement and found that the § 851 enhancement was proper.

Movant contends  that he "agreed to enter a guilty plea with a good-faith understanding that the government would withdraw the § 851 enhancement information. . . ." Entry 586-1 at 6.  Movant contends that if not for counsel's representations that the § 851 enhancement would be withdrawn, he would not have pleaded guilty, or would have at least filed objections to the presentence investigation report.  *Id.*  Movant also contends that he complied with all of the terms of the plea agreement and that he was entitled to the withdrawal of the § 851 enhancement.  Entry 617 at 17. Respondent denies that it made any promise other than that contained in the plea agreement and contends that Movant did not provide substantial assistance requiring the withdrawal of the § 851 enhancement by the time of sentencing.  Entry 597 at 6.

To prove ineffective assistance of counsel, Movant must show that counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  An attorney's performance is deficient when it is not reasonable under prevailing professional norms.  *Id.* at 688.  There is a strong presumption that counsel's conduct is within the wide range of reasonable professional

assistance, and the court is required to grant broad deference to scrutinizing an attorney's performance. *Id.* at 688-89.

Movant also must demonstrate that he was prejudiced by counsel's alleged deficient performance, in that because of counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. Thus, even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. *Id.* at 694. Moreover, when challenging a guilty plea premised on ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient and that, but for counsel's errors, the defendant would not have pleaded guilty, and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, (1985).

The court finds that an evidentiary hearing is not necessary to resolve Movant's claim. First, Movant has not established that he is entitled to relief based upon the allegedly erroneous advice of counsel that the § 851 enhancement would be definitely withdrawn if he were to plead guilty. This is because Movant has not established prejudice. The transcript of Movant's change of plea hearing demonstrates that Movant knew he had to be deemed by Respondent to have provided substantial assistance in order for the § 851 enhancement to be withdrawn. *See Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) ("[T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so."); *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992) ("if the information given by the court at the Rule 11 hearing corrects or clarifies earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely

6

on the subsequent dialogue between the court and defendant."). Therefore, any advice by counsel to the contrary was corrected at the change of plea hearing.

Second, Movant has not established that counsel was ineffective because Movant was entitled to the withdrawal of the § 851 enhancement based upon his substantial assistance. Any determination of substantial assistance was within Respondent's discretion. *United States v. Snow*, 234 F.3d 187, 190 (4th Cir. 2000). At the time of sentencing, Respondent viewed the information provided by Movant to be of "minimal value." Therefore, any failure by counsel to argue that Movant was entitled to the withdrawal of the § 851 enhancement was not deficient. In addition, because the court heard argument at sentencing on the issue of whether the § 851 enhancement should be withdrawn and determined that the enhancement was appropriate, Movant was not prejudiced by any failure by defense counsel to raise this issue. Based upon the foregoing, the court finds that Movant is not entitled to relief under § 2255.

B.    Evidentiary Hearing Transcripts

Movant seeks the transcript from the evidentiary hearing on his § 2255 petition to support his petition for a writ of certiorari from the United States Supreme Court. Movant contends that the requested transcripts "would fully support his claim of ineffective assistance of counsel. . . ." Entry 752 at 3. Movant also asserts that he has "proceeded in forma pauperis at all judiciary levels, in regard to his criminal case" and that "he is unable to purchase [the] transcripts." *Id.*

Copies of transcripts may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents. *See Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972), cert. denied, 410 U.S. 944 (1973). An indigent is not entitled to free copies "merely to comb the record in the hope of discovering some

flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).  Movant has not established the particularized need required for the provision of free transcripts.  Movant has not explained how the transcript of the evidentiary hearing would help him establish that his counsel was ineffective.  Movant's motion for evidentiary hearing transcripts is **denied.**

### III.  CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue under 28 U.S.C. § 2253(c)(1)(A) only if the applicant has made a substantial showing of the denial of a constitutional right.  *Id.* at § 2253(c)(2).  A habeas petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  When a district court rejects "a habeas petitioner's constitutional claims on the merits, the petitioner, to obtain a certificate of appealability [], must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  The court finds that reasonable jurists could not debate whether Movant is entitled to relief.  Therefore, the court denies Movant a certificate of appealability.

### IV. CONCLUSION

Based upon the foregoing, Movant's motion to reopen his § 2255 proceedings (Entry 753) is **granted in part and denied in part.**  Although the court reopened the proceedings, it has determined that Movant is not entitled to relief from his conviction or sentence.  Movant's motion for evidentiary hearing transcripts is **denied**.  (Entry 752).  The court **denies** Movant a certificate of appealability.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

March 1, 2011
Columbia, South Carolina